Lawrence A. Garvey, Esq.
Garvey Cushner & Associates, PLLC
50 Main Street, Suite 390
White Plains, New York 1006
(914) 946-2200
lgarvey@thegcafirm.com
*Attorneys for Plaintiff Jerry Zandman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JERRY ZANDMAN

                                                    Case No.: 7:18-cv00791 (NSR)

              Plaintiff,

      -against-

CITIBANK, N.A., CITI® CARDS, and
THE NEW YORK YANKEES PARTNERSHIP
DBA THE NEW YORK YANKEES BASEBALL
CLUB,

              Defendants.
---------------------------------------------------------------X

**PLAINTIFF JERRY ZANDMAN'S ANSWER TO DEFENDANTS CITIBANK, N.A. AND CITI ® CARDS' COUNTERCLAIMS**

Plaintiff/Counterclaim Defendant Jerry Zandman ("Jerry Zandman"), by his attorneys, Garvey Cushner & Associates, PLLC, as and for his Answer to Defendant/Counterclaim Plaintiff Citibank, N.A. and Citi ® Cards' (the "Defendant Citibank") Counterclaims, hereby alleges, upon information and belief, as follows:

*(Note that the descriptive headings used herein are for convenience of reference only and are not intended as admissions to any of the allegations set forth.)*

FIRST COUNTERCLAIM

1.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 43 of the Counterclaims.

1

2.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 44 of the Counterclaims.

3.     Denies the allegations set forth in Paragraph 45 of the Counterclaims.

4.     Denies the allegations set forth in Paragraph 46 of the Counterclaims.

5.     Neither admits nor denies the allegations contained in Paragraph 47 of the Counterclaims on the grounds that such paragraph states a request for relief to which no responsive pleading is required. To the extent a response is deemed necessary, Jerry Zandman denies that the Defendant Citibank is entitled to any relief.

6.     Neither admits nor denies the allegations contained in Paragraph 48 of the Counterclaims on the grounds that such paragraph states a request for relief to which no responsive pleading is required. To the extent a response is deemed necessary, Jerry Zandman denies that the Defendant Citibank is entitled to any relief.

7.     Neither admits nor denies the allegations contained in Paragraph 49 of the Counterclaims on the grounds that such paragraph states a request for relief to which no responsive pleading is required. To the extent a response is deemed necessary, Jerry Zandman denies that the Defendant Citibank is entitled to any relief.

SECOND COUNTERCLAIM

8.     Repeats, reiterates and re-alleges the respective responses as to the allegations reiterated in Paragraphs 43 through 49 of Defendant Citibank's Counterclaim and incorporates same by reference as if fully set forth herein.

9.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 51 of the Counterclaims.

10. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 52 of the Counterclaims.

11. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 53 of the Counterclaims, but avers that subject unauthorized charge of $26,000.00 was disputed by Jerry Zandman, at which time Defendant Citibank failed to conduct the required investigation of the unauthorized charge and likewise failed to follow the required protocol under the subject regulations.

12. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 54 of the Counterclaims.

13. Neither admits nor denies the allegations contained in Paragraph 55 of the Counterclaims on the grounds that such paragraph states a request for relief to which no responsive pleading is required. To the extent a response is deemed necessary, Jerry Zandman denies that the Defendant Citibank is entitled to any relief.

### THIRD COUNTERCLAIM

14. Repeats, reiterates and re-alleges the respective responses as to the allegations reiterated in Paragraphs 43 through 55 of Defendant Citibank's Counterclaim and incorporates same by reference as if fully set forth herein.

15. Neither admits nor denies the allegations contained in Paragraph 57 of the Counterclaims on the grounds that such paragraph states a request for relief to which no responsive pleading is required. To the extent a response is deemed necessary, Jerry Zandman denies that the Defendant Citibank is entitled to any relief.

### FOURTH COUNTERCLAIM

16. Repeats, reiterates and re-alleges the respective responses as to the allegations reiterated in Paragraphs 43 through 57 of Defendant Citibank's Counterclaim and incorporates same by reference as if fully set forth herein.

17. Neither admits nor denies the allegations contained in Paragraph 59 of the Counterclaims on the grounds that such paragraph states a request for relief to which no responsive pleading is required. To the extent a response is deemed necessary, Jerry Zandman denies that the Defendant Citibank is entitled to any relief.

### FIFTH COUNTERCLAIM

18. Repeats, reiterates and re-alleges the respective responses as to the allegations reiterated in Paragraphs 43 through 59 of Defendant Citibank's Counterclaim and incorporates same by reference as if fully set forth herein.

19. Neither admits nor denies the allegations contained in Paragraph 61 of the Counterclaims on the grounds that such paragraph states a request for relief to which no responsive pleading is required. To the extent a response is deemed necessary, Jerry Zandman denies that the Defendant Citibank is entitled to any relief.

## AFFIRMATIVE DEFENSES ON BEHALF OF PLAINTIFF/COUNTERCLAIM DEFENDANT JERRY ZANDMAN

### FIRST AFFIRMATIVE DEFENSE

1. The Counterclaims fail to state a claim against Jerry Zandman upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant Citibank's breaches made in connection with the underlying credit agreement excused any conduct by Jerry Zandman and/or bars any recovery or relief to which Defendant Citibank may have been entitled to, in whole or in part.

### THIRD AFFIRMATIVE DEFENSE

3. If Defendant Citibank has suffered any loss, it is as a result, in whole or in part, of its own culpable conduct.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendant Citibank is precluded from any recovery as a result of Defendant Citibank's failure to mitigate damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendant Citibank's claims fail, in whole or in part, because Defendant Citibank has substantially or materially breached the contract.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendant Citibank's claims are barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendant Citibank's claims are barred by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendant Citibank's claims are barred by the doctrine of laches, in that Defendant Citibank unreasonably delayed efforts to enforce its rights, if any, despite its allegations of Jerry Zandman's alleged actions.

### NINTH AFFIRMATIVE DEFENSE

9. Any recovery or relief to which Defendant Citibank may have been entitled (if any) is barred, in whole or in part, under the doctrine of unclean hands.

### DEMAND FOR JURY TRIAL

Plaintiff/Counterclaim Defendant hereby requests a jury trial for all issues triable by jury.

Dated: White Plains, New York
February 19, 2018

By:   /s/ Lawrence A. Garvey
Lawrence A. Garvey, Esq.
Garvey Cushner & Associates, PLLC
50 Main Street, Suite 390
White Plains, New York 10606
T: (914) 946-2200/F: (914) 946-1300
lgarvey@thegcafirm.com