Lawrence A. Garvey, Esq.
Garvey Cushner & Associates, PLLC
50 Main Street, Suite 390
White Plains, New York 1006
(914) 946-2200
lgarvey@thegcafirm.com
*Attorneys for Plaintiff Jerry Zandman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JERRY ZANDMAN

                                                     Case No.: 7:18-cv00791 (NSR)

                Plaintiff,

          -against-

CITIBANK, N.A., CITI® CARDS, and
THE NEW YORK YANKEES PARTNERSHIP
DBA THE NEW YORK YANKEES BASEBALL
CLUB,

                Defendants.
-----------------------------------------------------------X

## PLAINTIFF JERRY ZANDMAN'S ANSWER TO DEFENDANT THE NEW YORK YANKEES PARTNERSHIP'S COUNTERCLAIMS

       Plaintiff/Counterclaim Defendant Jerry Zandman ("Jerry Zandman"), by his attorneys,

Garvey Cushner & Associates, PLLC, as and for his Answer to Defendant/Counterclaim Plaintiff

The New York Yankees Partnership DBA The New York Yankees Baseball Club's (the

"Defendant Yankees") Counterclaims, hereby alleges, upon information and belief, as follows:

       ***(Note that the descriptive headings used herein are for convenience of reference only
and are not intended as admissions to any of the allegations set forth.)***

<u>INTRODUCTION</u>

1.     Neither admits nor denies the allegations contained in Paragraph 1 of the

Yankees' Counterclaims on the grounds that such paragraph states a legal conclusion and

requested relief to which no responsive pleading is required. To the extent a response is deemed necessary, Jerry Zandman denies that the Defendant Yankees are entitled to any relief.

2.      Neither admits nor denies the allegations contained in Paragraph 2 of the Counterclaims on the grounds that such paragraph states a legal conclusion and requested relief to which no responsive pleading is required. To the extent a response is deemed necessary, Jerry Zandman denies that the Defendant Yankees are entitled to any relief.

3.      Denies the allegations set forth in Paragraph 3 of the Counterclaims.

4.      Denies the allegations set forth in Paragraph 4 of the Counterclaims, but avers that a dispute for unauthorized use was submitted to Barclays and admits that Barclays refunded Jerry Zandman $40,000.16 for such unauthorized purchase.

5.      Neither admits nor denies the allegations contained in Paragraph 5 of the Counterclaims on the grounds that such paragraph states a request for relief to which no responsive pleading is required. To the extent a response is deemed necessary, Jerry Zandman denies that the Defendant Yankees are entitled to any relief.

<u>THE PARTIES</u>

6.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Counterclaims.

7.      Admits the allegations set forth in Paragraph 7 of the Counterclaims.

<u>JURISDICTION</u>

8.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 8 of the Counterclaims.

2

## COMMON FACTS

9.      Denies the allegations set forth in Paragraph 9 of the Counterclaims, but avers that a dispute for unauthorized use was submitted to Barclays as a result of unauthorized use of the Barclays credit card, to which Jerry Zandman received a refund for such unauthorized charge.

10.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the Counterclaims.

11.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11 of the Counterclaims.

12.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12 of the Counterclaims.

13.     Denies the allegations set forth in Paragraph 13 of the Counterclaims concerning alleged loans and/or investments made by Jerry Zandman to NECO. Denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 13 of the Counterclaims.

14.     Denies the allegations set forth in Paragraph 14 of the Counterclaims.

15.     Denies the allegations set forth in Paragraph 15 of the Counterclaims.

16.     Denies the allegations set forth in Paragraph 16 of the Counterclaims.

17.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 17 of the Counterclaims.

18.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 18 of the Counterclaims.

19.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19 of the Counterclaims.

20.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 20 of the Counterclaims.

21.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 21 of the Counterclaims.

22.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 22 of the Counterclaims.

23.     Denies the allegations set forth in Paragraph 23 of the Counterclaims.

24.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 24 of the Counterclaims.

25.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 25 of the Counterclaims, but avers that the Complaint in this action is against Citibank, N.A., Citi ® Cards, and the Yankees in regards to Citibank, N.A. and Citi® Cards' failure to investigate and provide a determination to Jerry Zandman concerning the disputed unauthorized charges, as well as the Yankees' failure to deliver the goods at the subject of the instant action.

26.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 26 of the Counterclaims, but avers that Jerry Zandman received a refund for the unauthorized charge made on his Barclays credit card.

27.     Denies the allegations set forth in Paragraph 27 of the Counterclaims.

28.     Denies the allegations set forth in Paragraph 28 of the Counterclaims.

29.     Denies the allegations set forth in Paragraph 29 of the Counterclaims.

30.     Denies the allegations set forth in Paragraph 30 of the Counterclaims.

31.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 31 of the Counterclaims.

32.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 32 of the Counterclaims.

33.     Denies the allegations set forth in Paragraph 33 of the Counterclaims.

34.     Denies the allegations set forth in Paragraph 34 of the Counterclaims.

35.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 35 of the Counterclaims.

36.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 36 of the Counterclaims.

37.     Denies the allegations set forth in Paragraph 37 of the Counterclaims.

38.     Admits that Jerry Zandman received a refund from Barclays as a result of an unauthorized charge made on his credit account. Denies all other allegations set forth in Paragraph 38 of the Counterclaims.

39.     Neither admits nor denies the allegations contained in Paragraph 39 of the Counterclaims on the grounds that such paragraph states a request for relief to which no responsive pleading is required. To the extent a response is deemed necessary, Jerry Zandman denies that the Yankees are entitled to any relief.

40.     Repeats, reiterates and re-alleges the respective responses as to the allegations reiterated in Paragraphs 1 through 39 of the Yankees' Counterclaim and incorporates same by reference as if fully set forth herein.

## FIRST CAUSE OF ACTION

41.     Repeats, reiterates and re-alleges the respective responses as to the allegations reiterated in Paragraphs 1 through 40 of the Yankees' Counterclaim and incorporates same by reference as if fully set forth herein.

42.     Denies the allegations set forth in Paragraph 42 of the Counterclaims.

43.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 43 of the Counterclaims.

44.     Admits the allegations set forth in Paragraph 44 of the Counterclaims.

45.     Denies the allegations set forth in Paragraph 45 of the Counterclaims.

46.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 46 of the Counterclaims, but avers that Jerry Zandman did receive a refund from Barclays as a result of an unauthorized charge made on his Barclays account.

47.     Neither admits nor denies the allegations contained in Paragraph 47 of the Counterclaims on the grounds that such paragraph states a request for relief to which no responsive pleading is required. To the extent a response is deemed necessary, Jerry Zandman denies that the Yankees are entitled to any relief.

## SECOND CAUSE OF ACTION

48.     Repeats, reiterates and re-alleges the respective responses as to the allegations reiterated in Paragraphs 1 through 47 of the Yankees' Counterclaim and incorporates same by reference as if fully set forth herein.

49.     Denies the allegations set forth in Paragraph 49 of the Counterclaims.

50.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 50 of the Counterclaims, but avers that Jerry Zandman did receive a refund from Barclays as a result of an unauthorized charge made on his Barclays account.

51.     Denies the allegations set forth in Paragraph 51 of the Counterclaims.

52.     Denies the allegations set forth in Paragraph 52 of the Counterclaims.

53.     Neither admits nor denies the allegations contained in Paragraph 53 of the Counterclaims on the grounds that such paragraph states a request for relief to which no responsive pleading is required. To the extent a response is deemed necessary, Jerry Zandman denies that the Yankees are entitled to any relief.

## THIRD CAUSE OF ACTION

54.     Repeats, reiterates and re-alleges the respective responses as to the allegations reiterated in Paragraphs 1 through 53 of the Yankees' Counterclaim and incorporates same by reference as if fully set forth herein.

55.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 55 of the Counterclaims.

56.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 56 of the Counterclaims.

57.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 57 of the Counterclaims.

58.     Neither admits nor denies the allegations contained in Paragraph 58 of the Counterclaims on the grounds that such paragraph states a request for relief to which no responsive pleading is required. To the extent a response is deemed necessary, Jerry Zandman denies that the Yankees are entitled to any relief.

FOURTH CAUSE OF ACTION

59.     Repeats, reiterates and re-alleges the respective responses as to the allegations reiterated in Paragraphs 1 through 58 of the Yankees' Counterclaim and incorporates same by reference as if fully set forth herein.

60.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 60 of the Counterclaims.

61.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 61 of the Counterclaims.

62.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 62 of the Counterclaims.

63.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 63 of the Counterclaims.

64.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 64 of the Counterclaims.

65.     Denies the allegations set forth in Paragraph 65 of the Counterclaims.

66.     Denies the allegations set forth in Paragraph 66 of the Counterclaims.

67.     Denies the allegations set forth in Paragraph 67 of the Counterclaims.

68.     Neither admits nor denies the allegations contained in Paragraph 68 of the Counterclaims on the grounds that such paragraph states a request for relief to which no responsive pleading is required. To the extent a response is deemed necessary, Jerry Zandman denies that the Yankees are entitled to any relief.

69.     Neither admits nor denies the allegations contained in Paragraph 69 of the Counterclaims on the grounds that such paragraph states a request for relief to which no

responsive pleading is required. To the extent a response is deemed necessary, Jerry Zandman denies that the Yankees are entitled to any relief.

70.    The "WHEREFORE" paragraph which immediately follows the paragraph designated as 69 of the Counterclaims states a demand for relief to which no responsive pleading is required, but should a response be required, Jerry Zandman denies that the Yankees are entitled to any relief.

## AFFIRMATIVE DEFENSES ON BEHALF OF PLAINTIFF/COUNTERCLAIM DEFENDANT JERRY ZANDMAN

### FIRST AFFIRMATIVE DEFENSE

1.    The Counterclaims fail to state a claim against Jerry Zandman upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.    The Counterclaims should be dismissed for lack of supplemental jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

3.    The Defendant Yankees failed to join a necessary party.

### FOURTH AFFIRMATIVE DEFENSE

4.    If Defendant Yankees has suffered any loss, it is as a result, in whole or in part, of its own culpable conduct.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

5.  Defendant Yankees is precluded from any recovery as a result of Defendant Yankees'
    failure to mitigate damages, if any.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

6.  Defendant Yankees damages, if any, were not caused by Jerry Zandman, but by
    another person or entity, including Defendant Citibank, for whom Jerry Zandman is
    not responsible and over which Jerry Zandman exercises no control.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

7.  Defendant Yankees' claims are barred by the doctrine of estoppel.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

8.  Defendant Yankees' claims are barred by the doctrine of waiver.

<u>NINTH AFFIRMATIVE DEFENSE</u>

9.  Defendant Yankees' claims are barred by the doctrine of laches, in that Defendant
    Yankees unreasonably delayed efforts to enforce its rights, if any, despite its
    allegations of Jerry Zandman's alleged actions.

<u>TENTH AFFIRMATIVE DEFENSE</u>

10. Any recovery or relief to which Defendant Yankees may have been entitled (if any) is
    barred, in whole or in part, under the doctrine of unclean hands.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff/Counterclaim Defendant hereby requests a jury trial for all issues triable by jury.


Dated: White Plains, New York
       February 19, 2018


By:    <u>/s/ Lawrence A. Garvey</u>
       Lawrence A. Garvey, Esq.
       Garvey Cushner & Associates, PLLC
       50 Main Street, Suite 390
       White Plains, New York 10606
       T: (914) 946-2200/F: (914) 946-1300
       lgarvey@thegcafirm.com