USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/21/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY ZANDMAN,

                Plaintiff,

-against-

CITIBANK, N.A., CITI®CARDS and THE NEW YORK YANKEES PARTNERSHIP dba THE NEW YORK YANKEES BASEBALL CLUB,

                Defendants.

No. 18-CV-00791 (NSR)(PED)
AMENDED
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Jerry Zandman ("Plaintiff" or "Zandman") commenced this action on or about December 14, 2017 in New York State Supreme Court, Rockland County. Plaintiff asserts claims, *inter alia*, under the Fair Credit Billing Act and the Truth in Lending Act against Defendants Citibank, N.A., Citi®cards and the New York Yankees Partnership dba the New York Yankees Baseball Club. In January 2018, Defendants Citibank, N.A. and Citi®cards (collectively "Citibank") removed the action to this Court. (ECF No.1.) By stipulation dated August 30, 2018, the Plaintiff and Citibank agreed to submit all claims and counterclaims asserted against each other to binding arbitration. (ECF No. 32.) By Opinion and Order, dated September 25, 2018, all claims asserted on behalf of or against Defendant the New York Yankees Partnership dba the New York Yankees Baseball Club ("Yankees") were stayed pending the outcome of the arbitration proceeding between Plaintiff and Citibank. (ECF No. 37.) Following a hearing, on July 11, 2019, Arbitrator Charles T. Bistany ("Bistany") issued a decision denying Plaintiff's claims and awarding Citibank a monetary award in the amount of $33,596.77, on it's counter claims, inclusive of attorney's fees.

    Presently before the Court is Defendant Citibank's motion to confirm the arbitrator's award. (ECF No. 42, Exh. E.) Plaintiff has yet to file any opposition to the motion. For the

reasons that follow, Defendant Citibank's motion to confirm the arbitration award is GRANTED.

**DISCUSSION**

Generally, confirmation of an arbitrator's award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir.2006) *quoting Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir.1984). A party seeking to confirm an arbitrator's award must move within one year of the decision, and the order confirming the award must be granted unless the award is vacated, modified, or corrected. 9 U.S.C. § 9 (2012). An arbitration award should be confirmed upon a showing that there is a "barely colorable justification for the outcome reached." *Nutrition 21, Inc. v. Wertheim*, 150 F. App'x 108, 109 (2d Cir.2005) *quoting Banco de Seguros del Estado v. Mut. Marine Office, Inc.,* 344 F.3d 255, 260 (2d Cir.2003). A district court may vacate an arbitrator's award upon a showing that: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrator(s); (3) the arbitrator(s) was guilty of misconduct in refusing to postpone the hearing, refused to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of a party has been prejudiced; or (4) the arbitrator(s) exceeded his scope of authority. 9 U.S.C. § 10(a). A party seeking to avoid summary confirmation of an arbitration award bears a high burden*. See Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.1997) (*citation omitted*).

There being no opposition to the motion to confirm the arbitrator's award and no showing that warrants vacatur, the Court grants Defendant Citibank's motion to confirm the arbitrator's award. Arbitrator Bistany determined that Citibank demonstrated that authorized purchases in the amount of $26,000.00 were made on Plaintiff's credit card and that Plaintiff's claims were meritless. Accordingly, Arbitrator Bistany granted Citibank a monetary award in

the amount of $27,096.77, inclusive of all fees and interest due through the date of the award, plus $6,500.00 in legal fees, totaling $33596.77.

## CONCLUSION

For the foregoing reasons, Defendant's' motion to confirm the arbitration award is GRANTED. In accordance with the award, all claims asserted by Plaintiff against Citibank are deemed dismissed. All cross-claims assert by Defendant Citibank and Defendant Yankees as against each other are voluntarily dismissed.[1] The Clerk of the Court is respectfully directed to enter judgment in favor of Defendant Citibank and against Plaintiff Zandman in the amount of $33,596.77, plus statutory interest of 9% from July 11, 2019 until entry of Judgment. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 40.

Plaintiff and Defendant Yankees are directed to contact Magistrate Judge Paul E. Davidson within five days of this order for the purpose of scheduling a status conference regarding the remaining claims. The current stay in effect is deemed lifted.

Dated:   January 21, 2020
           White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

---

[1] The Court is in receipt of a letter dated January 13, 2020 from Defendant Citibank's counsel wherein she represents that Citibank and the Yankees have agreed to voluntarily dismiss their respective cross-claims.