UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY ZANDMAN,

                Plaintiff,

-against-

THE NEW YORK YANKEES PARTNERSHIP,

                Defendant.

18-CV-791 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Jerry Zandman ("Plaintiff") filed this action in New York State Supreme Court, Rockland County, on December 14, 2017. (*See* ECF No. 1 Ex. A.) Plaintiff alleged claims against Defendants the New York Yankees Partnership (the "Yankees"), Citibank, N.A., and Citi (R) Cards (together with Citibank, N.A., "Citibank") pursuant to New York General Business Law Article 34, the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666 *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (*Id.*) On January 29, 2018, the action was removed to this Court on the basis of federal question jurisdiction over Plaintiff's FCBA and TILA claims against Citibank. (ECF No. 1.) The federal claims have been fully resolved through arbitration between Plaintiff and Citibank. (*See* ECF No. 46.) As a consequence, Citibank has been terminated as a party to this action and no federal claims remain. (*Id.*) Moreover, there is no diversity among the remaining parties and the amount in controversy is less than $75,000.00.

      On February 4, 2020, the Court issued an Order to Show Cause by February 12, 2020, why this action should not be remanded to the New York State Supreme Court, County of Rockland, for lack of subject matter jurisdiction. (ECF No. 49.) The Court noted that since all

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/27/2020

of Plaintiff's federal claims had been resolved, and the case was far from ready for trial, it appeared that this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003).

By letter dated February 11, 2020, Plaintiff responded the Order the Show Cause, indicating that he concurred with the Court's analysis and supported remand of this action. (ECF No. 50.) Defendant Yankees did not respond to the Order to Show Cause.

Accordingly, all federal claims in this action having been resolved, and no basis for diversity jurisdiction existing, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367(c)(3). The action is hereby REMANDED in its entirety to the New York State Supreme Court, County of Rockland, for further proceedings. The Clerk of the Court is respectfully directed to close the case.

Dated: February 27, 2020
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge